UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RED RIVER COAL COMPANY, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Court No.: 01-441C<br>BEFORE: Judge Miller<br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Red River Coal Company, Inc., by its attorneys, Merrell & Merrell, P.C., brings this action against Defendant, the United States, and for its complaint herein alleges, on knowledge as to matters pertaining respectively to themselves, and on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. In this action, the Plaintiff seeks recovery of damages in the form of a refund of fees imposed by the Defendant and paid by the Plaintiff pursuant to 30 U.S.C. § 1232 (hereinafter the "Coal Reclamation Fee") on the sale of coal for export from the United States.

2. The Plaintiff further seeks a declaratory judgment that the Coal Reclamation Fee is unconstitutional as applied to exports.

**PARTIES**

3. Plaintiff, Red River Coal Company, Inc., is a producer of coal. Plaintiff brings this action for damages in the amount of Coal Reclamation Fee assessments it paid with respect to coal sold for export from the United States.

4. Plaintiff has standing in this action because it has paid the Coal Reclamation Fee with respect to coal sold for export from the United States (or holds valid assignments with respect to such claims), which was illegally assessed and collected in violation of the United States Constitution. No such taxes have been passed on or included in export sales prices paid by any other entity.

## JURISDICTION

5. This Court possesses jurisdiction of this action under 28 U.S.C. § 1491(a)(1), as Plaintiff seeks damages under Article I, Section 9, Clause 5 of the United States Constitution (the "Export Clause"), and under the Takings Clause of the Fifth Amendment of the United States Constitution, for the imposition of Coal Reclamation Fees on coal sold for export from the United States in violation of the Constitution.

## FACTUAL ALLEGATIONS

6. The Export Clause provides that "No Tax or Duty shall be laid on Articles exported from any State." U.S. Const. art. I, § 9, cl. 5.

7. In 1977, Congress enacted Pub. L. No. 95-87, 91 Stat. 445 (1977) to promote the reclamation of mined lands by establishing a special fund to be financed by reclamation fee payments on coal produced by surface or underground mining. The tax, codified within the Surface Mining Control and Reclamation Act ("SMCRA") at 30 U.S.C. § 1232, as amended, reads in pertinent part as follows:

**§ 1232. Reclamation Fee**

**(a) Payment; rate**

> All operators of coal mining operations subject to the provisions of this chapter shall pay to the Secretary of the Interior, for deposit in the fund, a reclamation fee of 35 cents per ton of coal produced by surface coal mining and 15 cents per ton of coal

> produced by underground mining or 10 per centum of the value of the coal at the mine, as determined by the Secretary, whichever is less, except that the reclamation fee for lignite coal shall be at a rate of 2 per centum of the value of the coal at the mine or 10 cents per ton, whichever is less.

* * *

**30 U.S.C. § 1232.**

8. The Coal Reclamation Fee statute does not provide for an exemption for coal that is sold for export from the United States.

9. The Coal Reclamation Fee is imposed on coal produced for sale, transfer or use. 30 C.F.R. § 870.12(a).

10. The Coal Reclamation Fee is determined by the weight and value of the coal at the time of the initial bona fide sale, transfer of ownership, or use by the operator of the coal produced. 30 C.F.R. § 870.12(b). Unless and until there is a sale, transfer of ownership, or use by the coal operator following severance of the coal, no liability to pay the Coal Reclamation Fee attaches.

11. In the case of coal sold for export, the Coal Reclamation Fee is determined by the weight and value of the coal at the time of such export sale.

12. Liability for the Coal Reclamation Fee on coal sold for export attaches at a time when the coal has entered the export stream and is bound for export. As such, the Coal Reclamation Fee imposed on coal sold for export is directly related to the export of such coal, imposes a direct tax burden on such exports, and is a tax on exported articles.

13. For the periods at issue in the complaint, Plaintiff has paid Coal Reclamation Fees on exported coal in the amounts indicated on the attached Schedule A.

## FIRST CAUSE OF ACTION

14. Paragraphs 1 through 13 are repeated with the same force and effect as if stated fully herein.

15. The Export Clause of the Constitution (Article 1, Section 9, Clause 5) states: "No Tax or Duty shall be laid on Articles exported from any State."

16. The Coal Reclamation Fee imposed under 30 U.S.C. § 1232, with respect to coal sold for export, is a tax or duty prohibited by the Export Clause and is, therefore, unconstitutional.

17. Plaintiff paid Coal Reclamation Fees on exports, which fees were unconstitutionally imposed and assessed on coal sold for export.

**SECOND CAUSE OF ACTION**

18. Paragraphs 1 through 17 are repeated with the same force and effect as if stated fully herein.

19. The Coal Reclamation Fee imposed under 30 U.S.C. § 1232, with respect to coal sold for export, is a tax or duty prohibited by the Export Clause and is, therefore, unconstitutional.

20. The Defendant's unconstitutional exaction of the Coal Reclamation Fee on coal sold for export violates the Takings Clause of the Fifth Amendment of the United States Constitution, which provides, "nor shall private property be taken for public use without just compensation."

21. Plaintiff paid Coal Reclamation Fees on exports, which fees were unconstitutionally imposed and assessed on coal sold for export.

**REQUEST FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and order against the United States, granting Plaintiff the following:

a. On the First Cause of Action: a declaration that the Coal Reclamation Fees laid against Plaintiff's coal produced and sold for export from the United States is an unconstitutional exaction of a tax on exports in violation of the Export Clause of the United States Constitution, and an award of damages in the amount of all Coal Reclamation Fee payments

which were made by Plaintiff in connection with coal sold for export, together with appropriate interest, costs and attorneys' fees;

b. On the Second Cause of Action: a declaration that the Defendant's exaction of the unconstitutional Coal Reclamation Fee on coal sold for export violates the Fifth Amendment to the United States Constitution, and an award of damages in the amount of all Coal Reclamation Fee payments which were made by Plaintiff in connection with coal sold for export, together with appropriate interest, costs and attorneys' fees;

together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

MERRELL & MERRELL, P.C.

By: s/John Y. Merrell, Jr.

John Y. Merrell, Jr.
Merrell & Merrell, P.C.
Attorneys for Plaintiff
1477 Chain Bridge Road
Suite 101
McLean, VA 22101
Tel: (703) 790-8440
Fax: (703) 790-8944

Of Counsel: John Y. Merrell

Date: February 2, 2007

# SCHEDULE A

Coal Reclamation Fee Paid on Exported Coal By
**RED RIVER COAL COMPANY, INC.**

| Tax Period | Surface @ $.35 | Underground @ $.15 | Total |
|---|---|---|---|
| 1995 Q2 | $9,919.86 | 10,323.09 | $20,242.95 |
| 1995 Q3 | 8,659.79 | 8,071.53 | 16,731.32 |
| 1995 Q4 | 5,216.02 | 4,654.48 | 9,870.50 |
| 1996 Q1 | 6,972.34 | 7,361.15 | 14,333.49 |
| 1996 Q2 | 2,182.11 | 2,711.15 | 4,893.26 |
| 1996 Q3 | 9,181.30 | 6,314.83 | 15,496.13 |
| 1996 Q4 | 6,424.16 | 6,630.57 | 13,054.73 |
| 1997 Q1 | 7,581.05 | 3,625.12 | 11,206.17 |
| 1997 Q2 | 3,088.32 | 3,006.24 | 6,094.56 |
| 1997 Q3 | 3,842.67 | 3,595.40 | 7,438.07 |
| 1997 Q4 | 4,129.01 | 2,139.68 | 6,268.69 |
| 1998 Q1 | 12,274.21 | 10,572.35 | 22,846.56 |
| 1998 Q2 | 4,743.41 | 13,406.65 | 18,150.06 |
| 1998 Q3 | 5,698.05 | 4,226.09 | 9,924.14 |
| 1998 Q4 | 2,965.41 | 2,118.48 | 5,083.89 |
| 1999 Q1 | 3,708.50 | 3,384.75 | 7,093.25 |
| 1999 Q2 | 0.00 | 0.00 | 0.00 |
| 1999 Q3 | 0.00 | 1,725.29 | 1,725.29 |
| 1999 Q4 | 6,941.68 | 1,274.73 | 8,216.41 |
| 2000 Q1 | 0.00 | 0.00 | 0.00 |
| 2000 Q2 | 1,220.00 | 1,587.51 | 2,807.51 |
| 2000 Q3 | 961.39 | 1,608.73 | 2,570.12 |
| 2000 Q4 | 4,202.03 | 5,184.73 | 9,386.76 |
| 2001 Q1 | 917.82 | 1,565.70 | 2,483.52 |
| 2001 Q2 | 1,581.30 | 727.38 | 2,308.68 |
| 2001 Q3 | 1,167.08 | 91.24 | 1,258.32 |
| 2001 Q4 | 0.00 | 0.00 | 0.00 |
| 2002 Q1 | 0.00 | 0.00 | 0.00 |
| 2002 Q2 | 311.18 | 1,260.03 | 1,571.21 |
| 2002 Q3 | 310.47 | 246.59 | 557.06 |
| 2002 Q4 | 302.28 | 8,275.11 | 8,577.39 |
| 2003 Q1 | 0.00 | 0.00 | 0.00 |
| 2003 Q2 | 0.00 | 0.00 | 0.00 |
| 2003 Q3 | 0.00 | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| 2003 Q4 | 642.98 | 2,609.69 | 3,252.67 |
| 2004 Q1 | 2,031.83 | 3,680.15 | 5,711.98 |
| 2004 Q2 | 4,503.75 | 1,432.11 | 5,935.86 |
| 2004 Q3 | 0.00 | 0.00 | 0.00 |
| 2004 Q4 | 0.00 | 0.00 | 0.00 |
| 2005 Q1 | 0.00 | 0.00 | 0.00 |
| 2005 Q2 | 388.46 | 893.16 | 1,281.62 |
| | $122,068.46 | $124,303.71 | $246,372.17 |