# In the United States Court of Federal Claims

No. 01-441 C

(Filed: January 31, 2012)

|  |  |  |
|---|---|---|
| RED RIVER COAL COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Motion to continue stay; indefinite stay; no pressing need; motion denied. |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

John Y. Merrell, Jr., Merrell & Merrell, P.C., McLean, Va., for plaintiff.

Tara K. Hogan, Trial Attorney, Todd M. Hughes, Deputy Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, Tony West, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. Daniel M. Kilduff, Office of the Solicitor, Department of the Interior, Washington, D.C., of counsel.

## OPINION AND ORDER

GEORGE W. MILLER, Judge

On October 14, 2011, plaintiff filed a motion to continue the stay of proceedings in this case (docket entries 40 and 41) arguing that the Court should continue the stay of proceedings to await the outcome of a similar case pending before the United States District Court for the District of Columbia, *Coal River Energy, LLC v. Salazar*, No. 11-01648 (D.D.C. filed Sept. 13, 2011). On October 31, 2011, defendant filed a response (docket entry 42), and, on November 7, 2011, plaintiff filed a reply in support of its motion (docket entry 44).

Plaintiff's motion is similar to those filed by the plaintiffs in *Black Stallion Coal Co. v. United States*, No. 09-770 (Fed. Cl. filed Nov. 10, 2009); *Aracoma Coal Co. v. United States*, No. 09-734 (Fed. Cl. filed Oct. 28, 2009); *Consolidation Coal Co. v. United States*, No. 07-266 (Fed. Cl. filed Apr. 27, 2007); *Consol Energy, Inc. v. United States*, No. 05-1284 (Fed. Cl. filed Dec. 13, 2005); *Peabody Holding Co. v. United States*, No. 05-1211 (Fed. Cl. filed Nov. 17, 2005); and *Alex Energy, Inc. v. United States*, No. 05-929 (Fed. Cl. filed Aug. 25, 2005).

On December 8, 2011, the Honorable Bohdan A. Futey denied the plaintiffs' motion to continue the stay in each of the above-named cases. *See Consolidation Coal Co. v. United States*, No. 07-00266C, 2011 WL 6098276 (Fed. Cl. Dec. 8, 2011). In so doing, Judge Futey

found that the plaintiffs had not demonstrated a pressing need for an indefinite stay, a showing required under the standard announced by the Federal Circuit in *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413 (Fed. Cir. 1997). *Id.* at *3–4.

Plaintiff's motion to continue the stay in this case is also similar to that filed by the plaintiffs in *Clinchfield Coal Co. et al v. United States*, No. 02-69C (Fed. Cl. filed Jan. 25, 2002).

On December 20, 2011, the Honorable Judge Lynn J. Bush denied the plaintiffs' motion to stay in *Clinchfield Coal Co. See* No. 02-69C, 2011 WL 6369768 (Fed. Cl. Dec. 20, 2011). In so doing, Judge Bush, like Judge Futey, found that the plaintiffs had not demonstrated the requisite pressing need for the issuance of an indefinite stay. *Id.* at *3–4.

When determining whether to issue an indefinite stay,[1] the Court must (1) "identify a pressing need for the stay" and (2) "balance interests favoring a stay against interests frustrated by the action." *Cherokee Nation of Okla.*, 124 F.3d at 1416. Here, after considering plaintiff's motion, defendant's response, and plaintiff's reply, and after reviewing applicable case law and legal standards, and in light of the persuasive analysis presented in Judge Futey's and Judge Bush's opinions, it is evident that plaintiff has not identified a pressing need for the stay it requests and, therefore, has failed to satisfy the first element of the analysis. Accordingly, the Court hereby **DENIES** plaintiff's motion to continue the stay in this case.

In accordance with the Court's September 23, 2011 scheduling order (docket entry 39), defendant shall file a motion for judgment by **Thursday, March 1, 2012**, plaintiff shall file its

---

[1] Plaintiff seems to argue that the stay it requests is for a definite period of time—until the Supreme Court resolves a possible circuit split. Accordingly, plaintiff proposes to apply the standard used when a court is assessing a motion to stay an order or judgment. Br. in Supp. of Pl.'s Mot. to Continue Stay of Proceedings 14–17. Although plaintiff requests a stay that would end upon the occurrence of certain specific events, case law indicates that the stay plaintiff requests—one pending the outcome of another case with which the plaintiff is not currently involved—is an indefinite stay. *See Cherokee Nation of Okla.*, 124 F.3d at 1414 (vacating an "indefinite" stay that was to remain "pending the prosecution of quiet title actions in a separate forum"); *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (noting that a district court's stay was for an indefinite period when it was issued pending the Iran-United States Claims Tribunal's determination as to its jurisdiction over the defendant's third-party claims); *Hines v. D'Artois*, 531 F.2d 726, 731–32 (5th Cir. 1976) (assessing the propriety of an "indefinite" stay that would have remained in effect for a period of time between eighteen months and five years pending the initiation and subsequent outcome of administrative proceedings); *cf. In Re Sacramento Mun. Util. Dist.*, 395 F. App'x 684, 688 (Fed. Cir. 2010) (finding that a stay was not "indefinite" when it was issued pending a single action that the plaintiff could control because the plaintiff was directly involved). Notably, Judges Futey and Bush found that the similar stays requested by the plaintiffs in their cases are stays of indefinite duration. *See Clinchfield Coal Co.*, 2011 WL 6369768, at *3; *Consolidation Coal Co.*, 2011 WL 6098276, at *4. This Court sees no basis for a different finding in this case.

response within fourteen days of the date on which defendant's motion is filed, and defendant shall file its reply within seven days of the date on which plaintiff's response is filed.

**IT IS SO ORDERED.**

                                                               s/ George W. Miller
                                                               GEORGE W. MILLER
                                                                     Judge